IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH MITCHELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:17-CV-00655-NJR-DGW |
| SCHENKER, INC., | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Joseph Mitchell's Motion to Remand (Doc. 13) is pending before the Court. Mitchell originally filed suit in the Circuit Court of Madison County, Illinois, alleging retaliation by his employer Defendant Schenker, Inc., for his filing of a workers' compensation claim. (Doc. 13, p. 1; Doc. 13-1). Schenker removed the case to federal court on June 23, 2017, alleging jurisdiction under the diversity of citizenship provision of 28 U.S.C. § 1332. (Doc. 15, p. 1). Mitchell timely filed a Motion to Remand. (Doc. 13). For the reasons set forth below, Mitchell's Motion to Remand to Illinois state court is denied.

### LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where

such action is pending." 28 U.S.C. § 1441(a); *see also Potter v. Janus Inv. Fund*, 483 F.Supp.2d 692, 694-95 (S.D. Ill. 2007). The party invoking federal jurisdiction has the burden of proving subject matter jurisdiction exists. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992); *Brill v. Countrywide Home Loans,* 427 F.3d 446, 447 (7th Cir. 2005). There is a strong presumption in favor of remand, and courts construe the removal statute narrowly. *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993) (citing *Illinois v. Kerr-McGee Chemical Corp.,* 677 F.2d 571, 576 (7th Cir. 1982)). Any doubts concerning removal must be resolved in favor of remand to the state court. *Alsup v. 3-Day Blinds, Inc.*, 435 F.Supp.2d 838, 841 (S.D. Ill. 2006) (citing *McCoy v. General Motors Corp.,* 226 F.Supp.2d 939, 943 (N.D. Ill. 2002)).

Under 28 U.S.C. § 1332, a federal district court has original subject matter jurisdiction over actions involving complete diversity between the parties when the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters., Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). Complete diversity exists where none of the parties on either side of the litigation are citizens of the same state as the parties on the other side. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997).

Here, the physical diversity of the parties does not appear to be contested.[1] Mitchell is domiciled in the state of Missouri, and Schenker is a company both incorporated, and with its principal place of business, in the State of New York. (Doc. 15, p. 3, n. 1). Thus, the only issue before the Court is whether the amount in controversy

---

[1] Mitchell does not specifically address this issue in the Motion to Remand or supporting memorandum of law. The Court notes, however, that the only argument Mitchell makes regarding § 1332 jurisdiction relates to the amount in controversy. Thus, the Court infers that Mitchell admits physical diversity exists.

exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs.

## ANALYSIS

The amount in controversy is determined as of the date the suit was removed to federal court. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006). If contested, the proponent of federal jurisdiction has the burden of proving the amount in controversy by a preponderance of the evidence. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542-43 (7th Cir. 2006); *Oshana*, 472 F.3d at 511. The removing party is entitled to present its own estimate of the amount at issue and is not bound by the plaintiff's estimates. *Back Doctors Ltd. v. Metropolitan Property and Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011); *Oshana,* 472 F.3d at 510-11. The ultimate amount of damages the plaintiff will recover need not be determined, only how much is at stake in the controversy. *Brill,* 427 F.3d at 449. Further, an estimate of the stakes presented by the proponent of federal jurisdiction controls "unless recovery of an amount exceeding the jurisdictional minimum is legally impossible."[2] *Back Doctors*, 637 F.3d at 830.

Proof of damages can be difficult to show where a plaintiff does not want to be in federal court (and thus produces little evidence regarding the value of his claims). *Oshana*, 472 F.3d at 511. For that reason, courts have found a good-faith estimate of the stakes is acceptable, as long as it is plausible and supported by a preponderance of the

---

[2] Contrary to Seventh Circuit precedent, Mitchell argues that a plaintiff's evaluation of the stakes is dispositive when determining whether the jurisdictional threshold is met for diversity. (Doc. 14, p. 3). The only case cited by Mitchell for this proposition is *Amaro v. BJC Healthcare*, Case No. 08-cv-590-DRH, 2009 U.S. Dist. LEXIS 45 (S.D. Ill. Jan. 5, 2009). The Court notes the statement Mitchell relies on from *Amaro* is pulled from *Barbers, Hairstyling for Men & Women, Inc. v. Bishop,* 132 F.3d 1203, 1205 (7th Cir. 1997). Upon review of *Barbers,* it becomes clear the "plaintiff" the Seventh Circuit was referring to in that case was the *federal* plaintiff (the case did not involve removal from state court)—not the plaintiff in an original state court action. *Id.* Thus, the Seventh Circuit was stating that the party claiming jurisdiction (in that case the federal plaintiff) was to "receive the benefit of the doubt when determining the amount in controversy." *Id.* at 1205. The court's language cannot be interpreted to stand for a general statement that a plaintiff in an underlying state court case is given deference regarding the amount in controversy.

evidence. *Id*. The Seventh Circuit has recognized multiple ways in which a good faith assessment of the amount in controversy can be determined, including: through calculations of the potential damages based on facts and theories of recovery alleged in the complaint, *Meridian*, 441 F.3d at 541; and estimates based on case law in which the plaintiff had suffered similar injuries and was awarded pain and suffering damages in amounts that satisfy the jurisdictional requirements, *McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 845 (7th Cir. 2009).

Here, Schenker argues the amount in controversy exceeds $75,000, exclusive of interest and costs, based on Mitchell's requests for back pay, front pay, compensation for loss of benefits, emotional distress, and punitive damages.[3] (Doc. 15, p. 6). Conversely, Mitchell argues the amount in controversy does not exceed the threshold requirement, as evidenced by his request for "damages less than $75,000" in the original complaint (Doc. 13, p. 1, citing Doc. 14-2, p. 5), and the post-removal affidavit filed by counsel stating that "[b]ased on the nature and extent of Plaintiff's injuries and his special damages, Plaintiff's claims for damages do not exceed $75,000" (Doc. 14-1, p. 1).

Mitchell's claim for back and front pay alone appears to exceed the threshold amount in controversy requirement. According to Schenker, Mitchell earned approximately $1,169 bi-weekly, or the equivalent of $30,394 per year. (Doc. 15, p. 6). Assuming Mitchell's last day of employment was June 23, 2015 (Doc. 15, p. 6), by the

---

[3] Under Illinois law, a wrongfully discharged employee is entitled to damages for lost back pay, front pay,[3] and recovery for emotional distress due to the retaliatory discharge. *See Slane v. Mariah Boats, Inc.*, 164 F.3d 1065 (7th Cir. 1999) (upholding damages for back pay and benefits, compensatory and punitive damages under Illinois law); *Peeler v. Village of Kingston Mines,* 862 F.2d 135, 137 (7th Cir. 1988) (finding damages for emotional distress available under Illinois law).

time he filed his claim on May 16, 2017, almost three years had passed.[4] (*See* Doc. 1, "Notice of Removal"). Thus, it is reasonable to assume that Mitchell is alleging at least $90,000 in back and front pay damages alone,[5] which exceeds the jurisdictional requirement.

Mitchell's request for punitive damages and allegations of emotional distress further increase the amount in controversy. (Doc. 13-1, p. 4). Punitive damages for retaliatory discharge under the Workers' Compensation Act is well recognized by Illinois courts. *Holland v. Schwan's Home Service, Inc.*, 992 N.E.2d 43, 89 (Ill. App. Ct. 2013); *Paz v. Commonwealth Edison*, 732 N.E.2d 696, 706 (Ill. App. Ct. 2000). In addition, a plaintiff can claim emotional damages in Illinois workers' compensation retaliation cases. *Reinneck v. Taco Bell corp.*, 297 Ill.App.3d 211, 218 (Ill. App. Ct. 1998) (upholding $25,000 award for emotional distress in workers' compensation retaliatory discharge case); *Peeler v. Village of Kingston Mines*, 862 F.2d 135, 139 (7th Cir. 1988) (upholding $50,000 award for mental anguish in workers' compensation retaliatory discharge case). While punitive and emotional damage awards will vary based on the facts of a case, awards of punitive damages up to three times the amount of compensatory damages has been held to be reasonable. *Heldenbrand v. Roadmaster Corp.*, 660 N.E.2d 1354, 1361-62 (Ill.

---

[4] The claim was removed to federal court approximately five weeks after it was filed in state court, on June 23, 2017 (Doc. 1), which was a full three years after Mitchell's discharge. Although not specifically addressed by the parties, the Court notes in Mitchell's Complaint he alleges he continues to suffer a loss of salary, benefits, and experience. (Doc. 14-2, p. 4). The Court interprets that language to mean Mitchell remained unemployed at the time of filing.

[5] Schenker calculates the actual damages using an additional amount of time the company estimates it would take the federal litigation to be resolved. (Doc. 15, p. 6). This results in a calculation of damages for just less than five years of unemployment, or lost wages of $149,438.00. (Doc. 15, p. 6). Because Mitchell has already incurred damages in an amount exceeding the jurisdictional requirement of amount in controversy, the Court does not find it necessary to determine whether the removing party can infer damages based on the estimated length of litigation.

App. Ct. 1996). Given the combination of three years of actual damages and the potential for significant punitive and emotional distress awards, Schenker's claim the amount in controversy exceeds $75,000, exclusive of interest and costs, is supported by a preponderance of the evidence.

Mitchell's evidence is insufficient to show with legal certainty that recovery will be less than the jurisdictional amount. The prayer for damages of "less than $75,000" does not, in fact, limit damages under Illinois law. 735 Ill Comp. Stat. 5/2-604; *BEM I, LLC. V. Anthorpologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002) (Illinois rules do not limit damages to the amount asked for in the complaint). Had Mitchell been serious in his intent to limit the damage amount in state court, Illinois law allows for filing of a binding stipulation. *Oshana*, 472 F.3d at 511-12 (citing *BEM I*, 301 F.3d at 552). The fact that no such binding stipulation of damages was filed means no legal certainty exists that damages cannot exceed the jurisdictional amount. Further, because jurisdiction is determined at the time of removal, a post-removal disclaimer limiting damages cannot be used to defeat jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011). The affidavit by Mitchell's counsel, therefore, is ineffective to prove damages cannot exceed $75,000. Because none of the evidence presented by Mitchell provides legal certainty the amount in controversy cannot exceed $75,000, exclusive of interest and costs, Schenker's estimate of damages controls.

## CONCLUSION

Because the parties do not contest diversity of citizenship, and Schenker has established the amount in controversy exceeds $75,000, exclusive of interest and costs, the Court finds diversity jurisdiction is proper and **DENIES** Mitchell's Motion to Remand (Doc. 13).

**IT IS SO ORDERED.**

DATED:   October 18, 2017

*Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**